# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| BLANCA HERNANDEZ, <br><br> PLAINTIFF, <br><br> vs. <br><br> ALLIED COLLECTION SERVICE, INC., <br><br> DEFENDANT. | Case No.: <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, BLANCA HERNANDEZ, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Brownsville, Cameron County, Texas.

3. Venue is proper in the Southern District of Texas, Brownsville Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Brownsville, Cameron County, Texas.

5. The Defendant to this lawsuit is Allied Collection Service, Inc., which is a foreign corporation that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to a third party in the amount of $503.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. On October 11, 2020, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the alleged debt as a collection item.

9. On or about November 4, 2020, Plaintiff sent Defendant a letter disputing the reporting collection item.

10. On December 22, 2020, Plaintiff obtained her Trans Union credit disclosure and noticed Defendant reporting the collection item with a remark that stated, "Dispute resolved" and it failed or refused to report its collection item as disputed, in violation of the FDCPA.

11. On or about January 15, 2021, Plaintiff again submitted a letter to the Defendant disputing the collection item.

12. In her dispute letter, Plaintiff alleged she previously disputed the collection item.  She also stated the dispute was not resolved by the Defendant. Hence, she does and has always disputed the collection item.

13. On March 15, 2021, Plaintiff obtained her Trans Union credit report and noticed Defendant last reported the collection item reflected by the Trans Union on March 5, 2021 and failed or refused to flag it as disputed, in violations of the FDCPA.

14. In the credit reporting industry, data furnishers such as the Defendant communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Trans Union to flag its collection items as Disputed.

16. Defendant failed, or intentionally refused, to have its collection item on Plaintiff's credit report flagged as disputed, and said inaction was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for her to obtain employment, housing and credit for her day-to-day needs.  Her credit report continues to be damaged

due to the Defendant's failure to properly report the associated collection item.

## VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

23. Plaintiff has suffered harm and damage at the hands of the Defendant as this harm was one specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

24. Defendant's failure to flag its collection items on Plaintiff's consumer credit file is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of her credit report that she has simply ignored this debt when, in fact, she disputes its validity.

25. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

26. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: April 30, 2021

                        Respectfully submitted,

                 By: */s/ Michael B. Halla*
                    Michael B. Halla, Esq.
                    Attorney at Law
                    Texas State Bar No. 00793128
                    187 Rolling Court,
                    Lancaster, Texas 75146
                    Telephone: (469) 518.0872
                    Facsimile: (214) 540.9333
                    email: mhalla@hallalawfirm.com
                    *Counsel for Plaintiff,*
                    *Blanca Hernandez*